IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK



ALLSTATE INSURANCE COMPANY, as
subrogee of Christian Schwab,

        Plaintiff,

      -against-

MAYTAG CORPORATION,

        Defendant.

No. _____

# 06 CIV. 3354

## BRIEANT

## NOTICE OF AND PETITON FOR REMOVAL

Maytag Corporation ("Maytag") by its attorneys, Eckert Seamans Cherin & Mellott, LLC, respectfully files this Notice of Removal of the above-captioned matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C.A. §1441(a), and in support thereof states the following:

1.  On or about March 10, 2006, plaintiff Allstate Insurance Company, as subrogee of Christian Schwab, ("Allstate") filed a Summons and Complaint in the Supreme Court of the State of New York, Dutchess County at Index No. 2006 / 1345 against Maytag. The Complaint is the only pleading in this matter and asserts causes of action against Maytag for negligence, strict liability and breach of warranty. Maytag was served with the Complaint by certified mail on April 13, 2006. A true and accurate copy of the Complaint is attached as Exhibit A.

2.  As set forth in the Complaint, Allstate is an Illinois Corporation with a principal place of business in Northbrook, Illinois.

3.  Maytag is a Delaware corporation and has its principal place of business located in Newton, Iowa.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

4. Allstate's Complaint demands an amount in controversy, exclusive of interests and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C.A. §1332(a).

5. This Notice of Removal is timely filed with the Court within the applicable limitations of 28 U.S.C.A. §1446(b).

6. This Court has original jurisdiction of the above-captioned matter pursuant to 28 U.S.C.A. §1332(a) based upon diversity of citizenship and the amount in controversy. This action is therefore properly removed from the Supreme Court of the State of New York, Dutchess County to the United States District Court for the Southern District of New York pursuant to 28 U.S.C.A. §1441(c).

WHEREFORE, Maytag Corporation respectfully requests that the above-captioned matter be removed to the United States District Court for the Southern District of New York.

Dated:  April 28, 2006
       White Plains, New York

Respectfully submitted,

Steven R. Kramer (SRK 2097)
Eckert Seamans Cherin & Mellott, LLC
81 Main Street, Suite 307
White Plains, NY  10601
(914) 997-8200

-and-

Daniel B. McLane
Pa. ID No. 77019
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Attorneys for Maytag Corporation

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **NOTICE OF AND PETITION FOR REMOVAL** was served by deposit in the United States Mail, first class, postage prepaid this 28th day of April, 2006, addressed to:

Robert W. Phelan, Esq.
Cozen O'Connor
45 Broadway, Atrium
New York, NY 10006

Steven R. Kramer

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF DUTCHESS**

---------------------------------------------------------------x

ALLSTATE INSURANCE COMPANY, as
subrogee of Christian Schwab,

                     **Plaintiff,**

       -against-

MAYTAG CORPORATION,

                   **Defendant.**

---------------------------------------------------------------x

*2006 / 1345*

## SUMMONS

Index No.:
Date of Purchase:
Plaintiff designates:
Dutchess County as
Place of Trial

The Basis for Venue is
the location of occurrence at
11 School Avenue
Wappinger Falls, New York 12590

Plaintiff's Place of Business:
3075 Sanders Road
Suite G2H
Northbrook, Illinois 60062

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on
the Plaintiff's Attorneys within twenty (20) days of the service of this summons, exclusive of the day of
service (or within thirty (30) days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear to answer
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        March 7, 2006

                             **COZEN O'CONNOR**

                             By: Robert Phelan, Esq.
                             *Attorneys for Plaintiff*
                             45 Broadway, 16th floor
                             New York, New York 10006
                             (212) 509-9400

**DEFENDANT'S ADDRESS:**

Maytag Corporation
403 West Fourth Street North
Newton, Iowa 50208

NEWYORK\1549431\1 148833.000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
———————————————————————————x

ALLSTATE INSURANCE COMPANY, as
subrogee of Christian Schwab,

                              Plaintiff,

            - against —

MAYTAG CORPORATION,

                              Defendant.
———————————————————————————X

Index No.:
2006/1345

COMPLAINT

2006 MAR 10  PM 3: 10

The Plaintiff, Allstate Insurance Company, as subrogee of Christian Schwab, by its attorneys, Cozen O'Connor, complaining of Defendant, Maytag Corporation, alleges the following upon information and belief:

## THE PARTIES

1.      The Plaintiff, Allstate Insurance Company, as subrogee of Christian Schwab (hereinafter "Allstate"), was and is a corporation duly organized and existing under the laws of the State of Illinois, having a principal place of business located at 3075 Sanders Road, Suite G2H, Northbrook, Illinois, 60062.

2.      At all times relevant hereto, Allstate was authorized to conduct business as an insurance company in the State of New York, including the issuing of insurance policies.

3.      At all times relevant hereto, Allstate's subrogor, Christian Schwab (hereinafter referred to as "Schwab" or "Plaintiff's insured"), was and is a citizen of the State of New York who resided at 11 School Avenue, Wappinger Falls, New York 12590.

4.      Upon information and belief, and at all times relevant hereto, the defendant, Maytag Corporation ("Maytag") was and is a foreign business corporation, duly organized and

existing under the laws of the State of Delaware, having a principal place of business located at

403 West Fourth Street North, Newton, Iowa 50208.

5.     Upon information and belief, and at all times relevant hereto, the Defendant

regularly and systematically engaged in the business of designing, manufacturing, marketing,

distributing and selling of certain electrical appliances including, *inter alia*, refrigerator/freezers

and the component parts thereof in and about the State of New York.

## GENERAL ALLEGATIONS

6.     At all times material hereto, Plaintiff's insured owned real and personal property

located at 11 School Avenue, Wappinger Falls, New York (hereinafter "the property").

7.     At all times material hereto, Allstate provided property insurance coverage under

policy number 903475174, (hereinafter the "subject policy") to Schwab for, among other things,

his real and personal property.

8.     Sometime prior to January 11, 2004, Plaintiff's insured received a

refrigerator/freezer that was designed, manufactured and distributed by defendant Maytag

(hereinafter the "subject refrigerator").

9.     On or about January 11, 2004, plaintiff's insured suffered destruction and damage

to the property, including loss of use thereof, as a result of a fire which was caused by a

malfunction, failure of or defect in the subject refrigerator.

10.     As a direct and proximate result of the subject fire, Plaintiff's insured  sustained

severe and extensive damage to his real and personal property, including the loss of use thereof,

the fair and reasonable repair and replacement cost and value of which is in excess of

$183,498.00.

11.     Following the aforementioned fire, Schwab made a claim under the subject policy

for the aforesaid damages and, in compliance with all of the terms and conditions of the subject

policy, Allstate made payments to Schwab under and pursuant to the terms of the policy in an amount in excess of $183,498.00.

12.    Under and pursuant to the terms of the subject policy and in accordance with the common law principles of equitable subrogation, and to the extent of the payments Allstate has made to Schwab as alleged above, Allstate is duly subrogated to the respective rights, claims and causes of action of Schwab against defendant as alleged herein.

## COUNT I – NEGLIGENCE

13.    The allegations set forth in Paragraphs 1-12 of this Complaint are re-alleged and incorporated herein as though set forth herein at length.

14.    The Defendant owed Plaintiff's insured a duty to exercise reasonably prudent and ordinary care in the manufacture, inspection, sale, and distribution of the refrigerator.

15.    The aforesaid fire and resultant damages sustained by Schwab were proximately caused by the negligence, carelessness, recklessness and/or gross negligence of defendant.

WHEREFORE, Plaintiff Allstate demands judgment against defendant for damages in an amount in excess of $183,498.00, together with interest, costs, attorneys' fees and such other damages as may be properly awarded by this Court.

## COUNT II – STRICT LIABILITY:  MANUFACTURING DEFECT

16.    The allegations set forth in Paragraphs 1-15 of this Complaint are re-alleged and incorporated herein as though set forth herein at length.

17.    At the time the subject refrigerator was sold and/or supplied, it was in a defective condition, which defect(s) rendered it unreasonably dangerous to persons and property.  The aforementioned defect(s) directly and proximately caused plaintiff's insured to suffer substantial property damage.  Defendant is therefore liable in this matter under the doctrine of strict liability

as set forth in the Restatement 2d of Torts §402A and under the common and statutory laws of the State of New York.

WHEREFORE, Plaintiff Allstate demands judgment against defendant for damages in an amount in excess of $183,498.00, together with interest, costs, attorneys' fees and such other damages as may be properly awarded by this Court.

## COUNT III – BREACH OF WARRANTIES

18.    The allegations set forth in Paragraphs 1-17 of this Complaint are re-alleged and incorporated herein as though set forth herein at length.

19.    Defendant expressly and/or impliedly warranted and guaranteed that the aforesaid design, engineering, specification, manufacture, assembly sale, distribution, inspection, testing, service, maintenance and other work on the subject refrigerator would be performed in a proper, permanent and workmanlike manner, and in such a way as to prevent fire and that the refrigerator was of good and merchantable quality and fit for its ordinary and intended and foreseeable use.

20.    Defendant breached the aforesaid warranties, which breaches were the proximate and direct cause of the damage and destruction of the subject property.

WHEREFORE, Plaintiff Allstate demands judgment against defendant for damages in an amount in excess of $183,498.00, together with interest, costs, attorneys' fees and such other damages as may be properly awarded by this Court.

Dated: New York, New York
March 2, 2006

COZEN O'CONNOR

By: _____
Robert W. Phelan, Esq.
*Attorneys for Plaintiff, Allstate Insurance Company
a/s/o Christian Schwab*
45 Broadway, Atrium
New York, New York 10006
(212) 509-9400

5

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

ROBERT W. PHELAN, being duly sworn deposes and says that I am associated with COZEN O'CONNOR, the attorneys of record for the Plaintiff, ALLSTATE INSURANCE COMPANY, as subrogee of Christian Schwab.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters herein alleged to be upon information and belief, and as to those matters I believe it to be true.

The reason this verification is made by me and not by the Plaintiff is that Plaintiff is not within the County of New York where affirmant maintains its office.

The grounds of my belief as to all matters not stated upon my own knowledge are from investigations made on behalf of Plaintiff, as well as a complete review of the books, papers, records, memoranda and information kept in the litigation file of this action, or as matter of public record.

I affirm that the foregoing statements are true, under the penalties of perjury.


Dated: New York, New York
       March 2, 2006


_____
ROBERT W. PHELAN, ESQ.


NEWYORK\154687\1 148833.000


6

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, as          :
subrogee of Christian Schwab,           :
                                        :
          Plaintiff,                    :        No. _____
                                        :
     -against-                          :
                                        :        **JURY TRIAL DEMANDED**
MAYTAG CORPORATION,                     :        **ON ALL ISSUES**
                                        :
          Defendant.

## MAYTAG CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Maytag Corporation ("Maytag") by and through its attorneys, Eckert Seamans Cherin &

Mellott, LLC, serves the following Answer and Affirmative Defenses to the plaintiff's

Complaint.

### ANSWER

1.      The allegations contained in paragraphs 1-3, 6-8 and 10-11 of the Complaint are

denied in that after reasonable investigation, Maytag is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein, and strict proof of

the same is demanded of the time of trial.

2.      The allegations contained in paragraph 4 are denied as stated.  Effective March

31, 2006, Maytag was acquired by, and became a wholly owned subsidiary of, Whirlpool

Corporation.  Maytag admits that it is a Delaware corporation with a principal place of business

in Newton, Iowa.

3.     In response to paragraph 5 of the Complaint, Maytag admits that it is in the business of designing, manufacturing, in part, and selling of home appliances such as refrigerators.

4.     Paragraph 8 of the Complaint states that Maytag designed, manufactured and distributed a refrigerator which is at issue in this litigation. Maytag has not had an opportunity to investigate the plaintiff's claims, inspect the refrigerator or conduct discovery. Therefore, any and all allegations identifying Maytag as the designer, manufacturer, distributor and/or seller of the refrigerator alleged to have been involved in this accident are specifically denied and strict proof of the same is demanded at the time of trial.

5.     The allegations contained in paragraphs 9-12 of the Complaint constitute legal conclusions to which no response on the part of Maytag is required. To the extent a response is required, the allegations contained in paragraphs 9-12 are denied and strict proof of the same is demanded at the time of trial.

6.     Maytag denies each and every remaining allegation of fact contained in paragraphs 6 through 20, and all sub-paragraphs thereto, of the Complaint which are not specifically admitted herein and strict proof of the same is demanded at the time of trial.

WHEREFORE, Maytag Corporation demands judgment in its favor dismissing, with prejudice, the plaintiff's Complaint and awarding all its costs and expenses of suit, including attorneys' fees, together with such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

7.     The plaintiff's Complaint, read in its entirety, fails to state a claim or cause of action against Maytag upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

8.     Some or all of the plaintiff's claims may be barred by the expiration of the applicable statutes of limitations for such actions.   Therefore, the plaintiff is not entitled to recover from Maytag.

## THIRD AFFIRMATIVE DEFENSE

9.     Maytag raises, as a complete defense to some or all of plaintiff's claims for damages, plaintiff's assumption of a known risk.

## FOURTH AFFIRMATIVE DEFENSE

10.     There exists no proximate cause between any of the plaintiff's alleged injuries and damages and any alleged act or omission on the part of Maytag or its employees.   Therefore, the plaintiff is not entitled to recover from Maytag.

## FIFTH AFFIRMATIVE DEFENSE

11.     Any alleged act or omission on the part of Maytag or its employees was not a proximate cause of the plaintiff's alleged injuries and damages as the plaintiff's injuries and damages were solely the result of acts, omissions or conduct of other persons or entities over which Maytag exercised no control.

## SIXTH AFFIRMATIVE DEFENSE

12.     The acts and/or omissions of other individuals or entities, over which Maytag exercised no control, constitute intervening or superseding causes for the injuries and damages allegedly sustained by plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's alleged injuries and damages were solely the result of acts, omissions and/or tortious conduct of other persons or entities over which Maytag exercised no control,

including, but not limited to Christian Schwab's own negligent handling of the refrigerator prior to and at the time of the alleged fire.

## EIGHTH AFFIRMATIVE DEFENSE

14.    Maytag believes, and therefore avers, that any of the damages alleged by the plaintiff was directly or proximately caused by Christian Schwab's own comparative negligence, and therefore any damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to Christian Schwab bears to the culpable conduct which caused the damages, by the applicable provisions of Article 14-A of New York Civil Practice Law and Rules.

## NINTH AFFIRMATIVE DEFENSE

15.    The injuries and/or damages complained of may have been the direct and proximate result of plaintiff's failure to take all reasonable steps to reduce and/or mitigate the potential for damage.  Therefore, the plaintiff is not entitled to recover against Maytag in this action.

## TENTH AFFIRMATIVE DEFENSE

16.    Maytag believes and therefore avers, that any of the injures and/or damages alleged by the plaintiff was directly or proximately caused by the negligence of Christian Schwab or others in the reckless, careless and negligent manner in which he or others handled the refrigerator before and/or at the time of the fire.

## ELEVENTH AFFIRMATIVE DEFENSE

17.    Maytag believes, and therefore avers, that the injuries alleged by the plaintiff is the direct and proximate result of misuse and/or abuse of the subject refrigerator by Christian Schwab or others prior to and/or at the time of the fire.

## TWELFTH AFFIRMATIVE DEFENSE

18.     Maytag believes, and therefore avers, that the injuries and/or damages alleged by the plaintiff are the direct and proximate result of Christian Schwab's or others' failure to properly maintain the subject refrigerator prior to and/or at the time of the fire.

## THIRTEENTH AFFIRMATIVE DEFENSE

19.     Maytag believes, and therefore avers, that the injuries and/or damages alleged by the plaintiff are the direct and proximate result of modifications and/or alterations made to the subject refrigerator by persons or entities over which Maytag exercised no control prior to and/or at the time of the fire.

## FOURTEENTH AFFIRMATIVE DEFENSE

20.     Maytag believes, and therefore avers, that the subject refrigerator may have undergone unforeseeable and substantial changes, alterations or modifications after it left the possession, custody and control of Maytag, if in fact it was ever in the possession, custody or control of Maytag, and this is raised as a complete defense to some or all of the plaintiff's claims for damages.  Therefore, the plaintiff is not entitled to recover from Maytag in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

21.     Maytag is entitled to a set-off from any recovery against it to the extent of any and all benefits paid or payable to or on behalf of plaintiff from any and all collateral sources pursuant to Section 4545 of the New York Civil Practice Law and Rules.

## SIXTEENTH AFFIRMATIVE DEFENSE

22.     To the extent that the refrigerator was in fact designed, manufactured in part and distributed by Maytag, the subject refrigerator complied with the state of the art at the time it was designed, manufactured in part and distributed by Maytag.   The methods, standards and

techniques utilized by Maytag were in conformity with the generally recognized state of knowledge in the field at the time of the manufacture of the subject refrigerator.

## SEVENTEENTH AFFIRMATIVE DEFENSE

23.    Plaintiff has failed to join all necessary and/or indispensable parties to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## EIGHTEENTH AFFIRMATIVE DEFENSE

24.    The plaintiff may have waived or may be estopped from asserting some or all of the claims asserted in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims are barred and/or diminished by the Christian Schwab's failure to follow all appropriate warnings and instructions which accompanied the refrigerator.

## TWENTIETH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred in whole or in part by the economic loss doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

27.    The express warranties that would have been provided with the refrigerator at the time of original sale are exclusive and were given in lieu of all other warranties, express or implied.   Further, Maytag complied with the terms and conditions of any and all warranties applicable to this claim.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

28.    Allstate's subrogation claim is limited to the applicable terms of coverage and/or coverage limits in its policy with Christian Schwab.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

29.    Maytag reserves the right to raise additional affirmative defenses which may be disclosed during the investigation of this case or throughout the discovery process.


**MAYTAG CORPORATION RESPECTFULLY DEMANDS A JURY TRIAL IN THIS MATTER.**

Respectfully submitted,

Steven R. Kramer (SRK 2097)
Eckert Seamans Cherin & Mellott, LLC
81 Main Street, Suite 307
White Plains, NY  10601
(914) 949-2909

- and -

Daniel B. McLane
Pa. I.D. No. 77019
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Fl.
Pittsburgh, PA  15219
(412) 566-6000

Attorneys for Maytag Corporation


Dated:  April 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **ANSWER TO PLAINTIFF'S COMPLAINT** was served by deposit in the United States Mail, first class, postage prepaid this 28th day of April, 2006, addressed to:

Robert W. Phelan, Esq.
Cozen O'Connor
45 Broadway, Atrium
New York, NY 10006

Steven R. Kramer